J-S42029-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| COREY RICHARD HORNE | : | |
| | : | |
| Appellant | : | No. 585 MDA 2025 |

Appeal from the PCRA Order Entered April 2, 2025
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000702-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| COREY RICHARD HORNE | : | |
| | : | |
| Appellant | : | No. 586 MDA 2025 |

Appeal from the PCRA Order Entered April 2, 2025
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000703-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| COREY RICHARD HORNE | : | |
| | : | |
| Appellant | : | No. 587 MDA 2025 |

Appeal from the PCRA Order Entered April 2, 2025
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000704-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  | : |  |
| :--- | :--- | :--- |
| v. | : |  |
|  | : |  |
|  | : |  |
| COREY RICHARD HORNE | : |  |
|  | : |  |
| Appellant | : | No. 588 MDA 2025 |

Appeal from the PCRA Order Entered April 2, 2025
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000706-2011

BEFORE: OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.: **FILED: DECEMBER 22, 2025**

Appellant, Corey Richard Horne, appeals *pro se* from the order entered in the York County Court of Common Pleas, which dismissed as untimely his petition filed under the Post Conviction Relief Act ("PCRA").[1] We affirm.

This Court has previously set forth the underlying facts and procedural history of this matter as follows:

> Charges were filed against [Appellant] arising from a string of bank robberies that occurred between April 17 and May 11, 2009 in York County. A warrant for [Appellant's] arrest was issued on May 21, 2009.
>
> * * *
>
> Trial in case 702–2011 began on April 9, 2012. The jury returned a guilty verdict on two counts of robbery, one count of theft, and one count of receiving stolen property. Trial in case 703–2011 commenced on April 2, 2012. At its conclusion, the jury returned a verdict of guilty of robbery, theft by unlawful taking, and receiving stolen property. Trial in case 704–2011 began on May 14, 2012, and the jury returned with a verdict of guilty on two counts of robbery. Trial in case 706–2011 commenced on May 7, 2012, and the

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

- 2 -

> jury found [Appellant] guilty on three counts of robbery. [On June 20, 2012, t]he court sentenced [Appellant] to an aggregate term of 16 to 45 years' incarceration.

*Commonwealth v. Horne*, 89 A.3d 277, 279-80 (Pa.Super. 2014) (record citations and internal footnotes omitted), *appeal denied*, 628 Pa. 620, 102 A.3d 984 (2014). This Court affirmed Appellant's judgment of sentence on March 28, 2014, and our Supreme Court denied allowance of appeal on October 15, 2014. *See id.*

Appellant filed the instant PCRA petition, his first, on October 21, 2024. The PCRA court appointed counsel, who subsequently filed a motion to withdraw and a *Turner*/*Finley*[2] "no merit" letter. On February 7, 2025, the PCRA court issued notice of its intent to dismiss the petition per Pa.R.Crim.P. 907 and granted PCRA counsel's motion to withdraw. Appellant filed his initial objections to the court's Rule 907 notice on February 27, 2025.[3] The trial court issued its final order and opinion dismissing the PCRA petition on April

_____

[2] *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[3] Appellant's initial objections were postmarked February 27, 2025, and were therefore timely under the prisoner mailbox rule. *See* Pa.R.Crim.P. 907(1) (setting 20-day period to file response to notice of intent to dismiss); *Commonwealth v. Little*, 716 A.2d 1287, 1289 (Pa.Super. 1998) (applying prisoner mailbox rule to PCRA filings). Appellant later submitted an untimely amendment to the objections. The PCRA court later noted that "[e]ven if they had not been patently untimely, [it] did not believe that the [a]mended objections were available to [the c]ourt at the time of the drafting of the final order dismissing the PCRA petition." (PCRA Court Opinion, dated 6/30/25, at 4). *See also Commonwealth v. Pitts*, 603 Pa. 1, 9, n.3, 981 A.2d 875, 879 n.3 (2009) (explaining that failure to object within this 20-day period can result in waiver).

2, 2025. Appellant timely appealed.[4] The PCRA court did not order Appellant to file a Rule 1925(b) concise statement of errors complained of on appeal, and Appellant filed none. This Court ultimately consolidated Appellant's appeals *sua sponte* on July 1, 2025.

On appeal, Appellant raises the following issues for our review:

1) Did the PCRA court err by not allowing the Appellant to properly [develop] & plea[d] his claim with [specificity] prior to dismissal or to order Pa.R.A.P. 1925(b) statement for clarification?

2) Should the Appellant be deemed incapable of [satisfying] the obligation, duty or requirements of 42 Pa.C.S.A. § 9545(b)(1)(i)(ii); while outside the legal physical custody/jurisdiction of the Commonwealth serving a sentence in another states DOC?

3) Did PCRA court [err] in its reliance on PCRA counsel's uninformed/uneducated analysis without more[?]

4) Was PCRA counsel's complete disregard of inquiry/facts amount to abandonment/*per se* ineffectiveness?

(Appellant's Brief at unnumbered page 6).

In his first issue, Appellant argues that the PCRA court erred by not issuing a Rule 1925(b) order in this case. Under Pennsylvania Rule of Appellate Procedure 1925(b), the court has discretion to issue an order directing the appellant to file a concise statement of errors complained of on appeal if the judge entering the order giving rise to the notice of appeal desires

---

[4] Appellant originally filed a single notice of appeal related to all four of the underlying dockets. Thereafter, this Court directed Appellant to file individual notices of appeal at each underlying docket, and Appellant complied.

clarification of the errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Here, the court explained that it did not require a statement from Appellant clarifying the issues. Thus, the PCRA court acted within its discretion, and Appellant is not entitled to relief on this claim.

Appellant's remaining claims challenge the PCRA court's denial of his PCRA petition. Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Hackett*, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must file his petition within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Instantly, Appellant's judgment of sentence became final on January 13, 2014, when the time to file a petition for writ of *certiorari* with the United States Supreme Court expired. **See** U.S.Sup.Ct. Rule 13. Appellant had one year from that date to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1). Thus, Appellant's current petition filed on October 21, 2024, is patently untimely.

On appeal, Appellant claims that despite the untimeliness of his PCRA petition, fundamental fairness mandates that the PCRA court and this Court should still review the merits of the issues raised on appeal because he was incarcerated in Maryland until October 28, 2023, and was unable to conduct the research on Pennsylvania law needed to file a petition while out of state. Appellant insists that his petition, filed within one year of his return to Pennsylvania, should benefit from the application of the governmental interference exception to the PCRA time bar.

"The proper question with respect to [the government interference] timeliness exception is whether the government interfered with Appellant's ability to present his claim and whether Appellant was duly diligent in seeking the facts on which his claims are based." *Commonwealth v. Chimenti*, 218 A.3d 963, 975 (Pa.Super. 2019), *appeal denied*, 658 Pa. 538, 229 A.3d 565 (2020) (internal citation omitted). Ignorance of the law does not excuse a failure to file a PCRA petition within the required timeframe. *See Commonwealth v. Baldwin*, 789 A.2d 728, 731 (Pa.Super. 2001), *appeal denied*, 581 Pa. 669, 863 A.2d 1141 (2004).

In *Commonwealth v. Rizvi*, 166 A.3d 344 (Pa.Super. 2017), this Court addressed a similar claim concerning a proffered interference by governmental official exception. There, the appellant claimed that both the limited library resources and his restricted housing status while incarcerated in a Virginia correctional facility "frustrated his efforts to understand and invoke his appellate rights under Pennsylvania law." *Rizvi, supra* at 348. Significantly, this Court noted that the appellant did not allege that the Virginia department of corrections administered its library or housing policies in violation of the appellant's rights under constitutional or state law as required under a governmental interference claim. Accordingly, this Court concluded that because the appellant failed to show that any of the conditions of his incarceration were illegal, he had failed to sufficiently develop his claim of governmental interference. *See id.* (citing *Commonwealth v. Albrecht*,

606 Pa. 64, 70, 994 A.2d 1091, 1095 (2010), which held that appellant's claim that restricted incarceration status of capital inmates which limit inmates' ability to prepare PCRA petitions, does not constitute governmental interference because appellant failed to show that any conditions of incarceration were illegal). *See also Commonwealth v. Bankhead*, 217 A.3d 1245, 1248 (Pa.Super. 2019) (stating "without an assertion of illegality on the part of government officers, restrictions on access to prison resources does not qualify a petition for the governmental interference exception").

Here, the PCRA court found that Appellant's petition was untimely and that Appellant did not prove any exception to the PCRA time bar. Initially, the court noted that Appellant was not entitled to "*nunc pro tunc* reinstatement of his PCRA rights premised upon his incorrect assumption that Pennsylvania followed the same rules as Maryland," which Appellant believed permits the filing of PCRA petitions up to ten years after final disposition. (Notice of Intent to Dismiss, dated 2/7/25, at 2-3). The PCRA court explained that although Appellant claimed that he was unable to conduct internet research on Pennsylvania law while he was incarcerated in Maryland, Appellant conceded that in the last few years it had become possible to conduct internet research for both Pennsylvania and Maryland law. Hence, the PCRA court found that the governmental interference exception to the PCRA time bar did not apply. (*See* PCRA Court Opinion, dated 6/30/25, at 4).

Upon review, we agree with the PCRA court's determination that

Appellant has failed to satisfy the proffered time-bar exception. Initially, we agree that Appellant's ignorance of the one-year timeframe in which to file a timely PCRA petition does not satisfy any of the exceptions to the PCRA time bar. **See Baldwin, supra**. As to Appellant's proffered exception, Appellant has not alleged that the Maryland Department of Corrections administered its library policies in violation of Appellant's constitutional rights as required to prove governmental interference. **See Bankhead, supra**. Similar to the defendants in **Rizvi** and **Albrecht**, Appellant's complaint that the law library limited his research to Maryland law does not establish that the conditions of his incarceration and limited library resources were a violation of his rights under constitutional or state law.[5] **See Albrecht, supra**; **Rizvi, supra**. Thus, Appellant has not established the applicability of the governmental interference exception, or any other exception to the PCRA time bar. Accordingly, Appellant's PCRA petition remains-time barred, and we affirm.[6]

_____

[5] Indeed, had Appellant filed anything within one year of his judgment of sentence raising claims cognizable under the PCRA, the court would have appointed him counsel for his first PCRA petition to develop those claims.

[6] Although Appellant's questions presented appear to raise a claim that the PCRA court erred in granting counsel's petition to withdraw, he has not developed this claim in his brief. Consequently, Appellant has waived this issue on appeal. **See Commonwealth v. Taylor**, 277 A.3d 577, 590 (Pa.Super. 2022) (explaining that failure to develop adequate argument in appellate brief may result in waiver of claim under Pa.R.A.P. 2119).

Order affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/22/2025